# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICARDO RENATO CALLIRGOS-NAVETTA,  Petitioner, | )<br>)<br>)<br>) |
| | ) No. CIV-07-161-FHS |
| UNITED STATES OF AMERICA,  Respondent. | )<br>)<br>)<br>) |

## OPINION AND ORDER

This action was filed by Petitioner, Ricardo Renato Callirgos-Navetta, pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends his detention pursuant to the judgment and sentence of this Court is unlawful because he was denied the right to counsel as guaranteed under the Sixth Amendment to the United States Constitution. The Government has filed a response through the United States Attorney for the Eastern District of Oklahoma and Petitioner has filed his reply. On December 5, 2007, this matter came on for hearing on the limited issue of whether Petitioner requested that his trial counsel file an appeal. For the reasons stated below, the Court finds Petitioner is entitled to relief in the form of an opportunity to file a timely direct appeal.

The record in this case and the associated criminal action, Case No. CR-05-74-FHS, reflect that Petitioner was named in a five-count Indictment on September 15, 2005, charging him with Count I: Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) and 18 U.S.C. § 2; Count II: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1); Count III: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C.

1

§§ 924(c)(1)(A)(i) and 2; Count IV: Illegal Alien in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(5); and Count V: Illegal Reentry of a Previously Deported Alien after Conviction of an Aggravated Felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). On December 30, 2005, Petitioner entered pleas of guilty to Counts I and V pursuant to a written plea agreement. As part of the plea agreement, Petitioner expressly waived his "right to appeal, except to challenge an upward departure from the applicable guideline range as determined by the Court." See Plea Agreement, Case No. CR-05-74-FHS, at p. 2. Petitioner also expressly waived "any appeal rights conferred by Title 18, United States Code, Section 3742, any post-conviction proceedings, and any habeas corpus proceedings." Id. The Court accepted Petitioner pleas and he was found guilty of Counts I and V of the Indictment.

On May 31, 2006, Petitioner was sentenced to 240 months on Count I and 235 months on Count V. The Court ordered the terms of imprisonment to be served concurrently. Additionally, upon Petitioner's release from confinement, the Court ordered Petitioner to be placed on supervised release for 10 years on Count I and 24 months on Count V. Further, Petitioner was ordered to pay a special assessment of $100.00 for each of Counts I and V, for a total special assessment of $200.00. At the time of sentencing, Petitioner was advised by the Court that he would have ten (10) days in which to appeal. The judgment and sentence was filed of record on June 8, 2006. No appeal was ever filed.

On June 4, 2007, Petitioner filed this action under 28 U.S.C. § 2255 alleging four grounds in support of his claim that he was denied the effective assistance of counsel. Petitioner's first ground is based on his assertion that his trial counsel, Michael Abel ("Abel"), was ineffective because he failed to file

2

Petitioner's direct appeal after being requested to do so by Petitioner. Petitioner's remaining three grounds take issue with Abel's failure to assert arguments at sentencing related to the effect of Petitioner's prior convictions in California. As framed by the Court in conjunction with the December 5, 2007, hearing, however, the lone issue for determination at this time is whether Petitioner requested Abel to file an appeal of his judgment and sentence.

Claims of ineffective assistance of counsel are governed by the familiar two-part test announced in Strickland v. Washington, 466 U.S. 668, 688-89 (1984). Specifically, Petitioner must demonstrate that (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. Id. at 696. While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised. As the Supreme Court cautioned in Strickland:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

Id. at 689. In addition, the Supreme Court indicated the conduct of counsel is "strongly presumed" to have been within the wide range of reasonable professional assistance. Id. The Tenth Circuit has indicated before representation will be considered ineffective, it must have made the trial a "mockery, sham, or farce, or resulted in the deprivation of constitutional rights." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1537 (10th Cir.

1994); see also Hoxsie v. Kerby, 108 F.3d 1239, 1246 (10th Cir. 1997)(holding counsel's performance must have been "completely unreasonable, not merely wrong," to be constitutionally ineffective).

Special considerations govern Petitioner's claim of ineffective assistance of counsel herein.  In the context of a claim based on counsel's failure to file an appeal after being requested to do so by his client, the Supreme Court has provided the lower courts with a bright-line rule to assess effective representation.  The Supreme Court has held:

> a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.  See Rodriquez v. United States, 395 U.S. 237, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); cf. Pequero v. United States, 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999)("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit").

Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).  Moreover, the Tenth Circuit recently observed that the Supreme Court has "recognized . . . that a lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." United States v. Garrett, 402 F.3d 1262, 1265 (10th Cir. 2005)(quoting United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003).  As the merits of any appeal are therefore not to be taken into consideration when a lawyer fails to file a notice of appeal as requested, Snitz, 342 F.3d at 1157 ("when courts find that a requested appeal has not been taken, *they do not consider the merits of arguments that the defendant might have made on appeal*")(citations omitted), a criminal defendant establishing this

4

underlying predicate is entitled to a delayed appeal even if that defendant accepted a plea agreement purporting to waive the right to challenge the conviction or sentence on direct appeal. Garrett, 402 F.3d at 1266-67.

At the hearing on this matter, Petitioner testified as to his recollection of requesting that Abel file an appeal. Specifically, Petitioner adopted his declaration attached to his § 2255 motion wherein he stated:

> 6. That on or about May 31, 2006, at my Sentencing Hearing, the Honorable Frank H. Seay, sentenced me to two-hundred and forty months (240) on Count One (1), and two-hundred and thirty-five (235) months on Count Two (2) of my indictment. Judge Seay then asked Mr. Abel and I, if we were going to appeal. We responded, no, not at the moment. Mr. Abel and I then talked privately for moment in the courtroom. I was concerned why my sentence was so high, and what did Judge Seay mean we could appeal my case. I thought we were not allowed to appeal. Mr. Abel responded Judge Seay was talking about a sentence reduction and we had ten (10) days to file for an appeal. Mr. Abel then told me to give him a call within ten (10) days and he would appeal if I wanted to.
>
> 7. That on or about a few days after my May 31, 2006, Sentencing Hearing, I called Mr. Abel's Office and spoke to him personally. I told Mr. Abel that I wanted him to file my appeal. Mr. Abel said, no problem, and that he would start the motion for appeal.
>
> 8. That after not hearing anything from Mr. Abel or the Court for a couple of months, I called his office. However, I was told Mr. Abel no longer worked there and no appeal had been filed.

Petitioner's Exhibit No. 1, p. 2-3. In contrast, Abel testified at the hearing about his general recollection of the case.[1] Abel did

---

[1] Abel was undoubtedly handicapped in recalling events surrounding his representation of Petitioner in that he did not

not have any specific recall of a conversation with Petitioner during the course of his sentencing hearing about Petitioner's appellate rights. Likewise, Abel does not recall any post-sentencing telephone conversation with Petitioner regarding filing an appeal. Abel did testify that, at some point prior to sentencing, he had a discussion with Petitioner about the waiver of his rights as set forth in the plea agreement and as to his general practice of filing a Notice of Appeal if asked by his clients. Abel testified that the filing of a Notice of Appeal is not a remarkable event and that he would have filed it, if asked, even if a waiver of appellate rights was part of the plea agreement.

Confronted with these two accounts of what transpired concerning Petitioner's request to file an appeal, the Court feels compelled to give credit to, and accept, Petitioner's version of the events. Petitioner's version is specific as to the details of his request of Abel to file an appeal during a telephone conversation a few days after sentencing. Nothing was presented at the hearing to question Petitioner's specific recollection of this event. On the other hand, Abel's testimony consisted of his inability to recall conversations regarding Petitioner's right to appeal and his general practice of filing appeals when requested.[2]

---

have access to his file to refresh his recollection. Abel was employed as an Assistant Federal Public Defender during the course of his representation of Petitioner. In mid-June 2006, Abel left the employment of the Defender's Office.

[2] Under the circumstances, the Court in no way faults Abel for his inability to specifically recall events surrounding his representation of Petitioner. In the Court's opinion, Abel has provided extraordinary representation of indigent defendants over the course of his nearly ten-year employment with the Defender's Office. Abel's body of work before this Court has always been of the highest caliber, both technically and ethically. The Court has never had an occasion to question the veracity of Abel.

6

Given Petitioner's unrebutted version that he asked Abel to file an appeal in a telephone conversation a few days after sentencing, the Court concludes Petitioner has established the necessary predicate for his ineffective assistance of counsel claim. The Court's acceptance of Petitioner's version of the events should not be interpreted as a finding that the Court believes Abel to untruthful. Abel's inability to recall the specific details of Petitioner's case (one out of hundreds he handled in this District) is solely the function of his lack of access to his file - not a suggestion that Abel is in any way untruthful. Rather, the unique circumstances of this case cause the Court to credit an unrebutted specific recollection over a general recollection of events and practices - nothing more.

Consequently, the judgment and sentence entered herein on June 8, 2006, is vacated and the Clerk of the Court is directed to reenter such judgment and sentence simultaneously with the filing of this Opinion and Order. Petitioner shall have ten (10) days from the reentry of such judgment and sentence to file a timely direct appeal. See Fed.R.App.P.4(b)(1)(A)(defendant's notice of appeal in a criminal case must be filed within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal).

It is so ordered this 17th day of December, 2007.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma